1  Bingham McCutchen LLP
   STEVEN N. MACHTINGER (SBN 61973)
2  JOHN D. PERNICK (SBN 155468)
   GEOFF S. BECKHAM (SBN 224126)
3  Three Embarcadero Center
   San Francisco, CA 94111-4067
4  Telephone: 415.393.2000
   Facsimile: 415.393.2286
5  Email: steven.machtinger@bingham.com

6  Attorneys for Plaintiff
   Herbert J. Sims & Co., Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  Herbert J. Sims & Co., Inc.,           C 07 4777  BZ

12         Plaintiff,                       COMPLAINT FOR DECLARATORY
        v.                                  AND INJUNCTIVE RELIEF
13
    Mark Roven, James Darden III, Rod Butterfield,
14  Steve Bares, Jay Magwire, Carolyn Magwire,
    Dorothy McCarty, Richard Teerlink, Elenora
15  Crone, Nellie Morison, Scott M. Crone, Scott R.
    Crone and Nadine Vanderlanes,
16
           Defendants.
17

18       Plaintiff Herbert J. Sims & Co., Inc. ("Herbert J. Sims") alleges as follows:

19                                   **PARTIES**

20       1.    Plaintiff Herbert J. Sims is a privately held corporation with headquarters

21  in Southport, Connecticut. It was organized under the laws of the State of New York in 1935. It

22  became a registered broker dealer and a member of the National Association of Securities

23  Dealers, Inc. ("NASD") in 1946. It is currently a member of the Financial Industry Regulatory

24  Authority ("FINRA"), which became the successor to the NASD in July 2007.

25       2.    Defendant James Darden III is an investment advisor and former

26  stockbroker who does business through an entity he owns called Integrity Financial

27  Management.

28

---

Complaint For Declaratory and Injunctive Relief

A/72186138.1/3005090-0000326991

1    3.    On information and belief, Defendants Mark Roven, Rod Butterfield, Steve Bares, Jay Magwire, Carolyn Magwire, Dorothy McCarty, Richard Teerlink, Elenora Crone, Nellie Morison, Scott M. Crone, Scott R. Crone and Nadine Vanderlanes (the "Investor Defendants") are current or former clients of Defendant Darden who gave him full investment authority over securities brokerage accounts they maintained at one or more broker-dealers other than Herbert J. Sims & Co.

4.    On information and belief, none of the Defendants resides in the State of New York and the majority of them reside in California.

## JURISDICTION AND VENUE

5.    Plaintiff brings this action to obtain a preliminary and permanent injunction enjoining an arbitration pending in San Francisco, California, before FINRA Dispute Resolution, No. 07-01307 (the "Arbitration"). Jurisdiction is proper under 28 U.S.C. § 1332 in that there is complete diversity with respect to certain claims and the amount in controversy in the underlying arbitration exceeds $75,000. The Court has supplemental jurisdiction over all remaining claims under 28 U.S.C. § 1367 because all of the claims in the action involve the same case or controversy. Venue is proper in this district because the anticipated hearing location for the Arbitration is San Francisco, California. Also, because Defendants have requested that the Arbitration proceed in San Francisco, California, they have thereby consented to venue in this District.

## FACTUAL BACKGROUND

6.    On April 18, 2007, the Defendants filed a Statement of Claim with NASD Dispute Resolution, Inc. (now known as FINRA Dispute Resolution) captioned *In the Matter of the Arbitration between Mark Roven, James Darden III, Rob Butterfield, Steve Bares, Jay Magwire, Carolyn Magwire, Dorothy McCarty, Richard Teerlink, Elenora Crone, Nellie Morison, Scott M. Crone, Scott R. Crone, Nadine Vanderlanes, v. Herbert J. Sims & Co.*, NASD Arbitration No. 07-01307 (the "Statement of Claim").

7.    All of the claims in the Statement of Claim relate to transactions in tax-exempt municipal bonds issued to finance a Continuing Care Retirement Community in Alabama

2

Complaint For Declaratory and Injunctive Relief

known as Regency Pointe (the "Regency Pointe Bonds"). The Investor Defendants (i.e., all of the Claimants in the underlying Arbitration except Defendant Darden) seek in the Arbitration to recover investment losses they allegedly incurred as a result of buying the Regency Pointe Bonds. Defendant Darden seeks in the underlying Arbitration to recover damages to his investment advisory business allegedly incurred as a result of his having placed these municipal bonds into his clients' accounts. The Arbitration claimants allege that a representative of Herbert J. Sims made oral misrepresentations to Defendant Darden upon which Darden relied in purchasing the bonds for his clients. They allege that the bonds were unsuitable investments for the Investor Defendants and that in the course of these transactions Herbert J. Sims breached fiduciary and other duties it owed to the Investor Defendants. For these and other alleged violations, the Defendants are seeking a cumulative arbitration award of $2 million in general and compensatory damages, costs, punitive damages, interest, attorney's fees and costs and other relief.

8. None of the Defendants has ever been a customer of Herbert J. Sims. None of the Defendants has ever had an account of any kind at Herbert J. Sims. None of the Defendants has ever provided Herbert J. Sims with any financial or other information that would enable Herbert J. Sims to determine whether an investment recommendation would be suitable for any of the Defendants, and Herbert J. Sims has never sold any Regency Pointe Bonds or any other securities to any of the Defendants. Herbert J. Sims has never sent any confirmations of transactions or any monthly or other statements of account to any of the Defendants.

9. None of the Defendants has ever entered into an arbitration agreement or any other agreement with Herbert J. Sims.

10. With the exception of Defendant Darden, none of the Defendants has ever had any contact of any kind with Herbert J. Sims. Between approximately 1999 and 2006, Defendant Darden regularly spoke with a representative of Herbert J. Sims about tax-exempt municipal bonds. However, Defendant Darden never purchased or sold any securities from Herbert J. Sims, either on his own behalf or on behalf of his clients.

11. On information and belief, Defendant Darden caused his clients, including

3

1   the Investor Defendants, to purchase and sell securities, including the Regency Pointe Bonds,

2   from Muriel Siebert & Co., Inc. ("Muriel Siebert"), a broker-dealer that purchased the securities

3   from Herbert J. Sims at the request of Defendant Darden.  On information and belief, Muriel

4   Siebert sold the Regency Pointe Bonds either to the Investor Defendants individually or to

5   Defendant Darden on their behalf, and it sent them or Darden confirmations of the transactions,

6   monthly statements of the transactions and the securities positions in their accounts, and

7   performed other services routinely performed by a broker-dealer for its customers.

8           12.     As a member of FINRA, Herbert J. Sims is required to arbitrate certain,

9   but not all, disputes submitted to FINRA.  With respect to disputes, such as the Arbitration,

10  which were submitted after April 16, 2007, Rule 12200 of the NASD Code of Arbitration (the

11  "Code") identifies those disputes which a member firm is required to arbitrate.  This rule states:

> Parties must arbitrate a dispute under the Code if:
> - Arbitration under the Code is either:
>   (1) Required by a written agreement, or
>   (2) Requested by the customer;
> - ***The dispute is between a customer and a member*** or associated person of a member;
>
> and
>
> - The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities or a member that is also an insurance company.

20  Code § 12200 (emphasis added).  Thus, Herbert J. Sims is not required to arbitrate this dispute

21  unless it is required to do so by a written arbitration agreement, or unless, among other things,

22  the claimants in the underlying Arbitration are or were its customers.

23          13.     FINRA Dispute Resolution has informed Herbert J. Sims that because it

24  has been named as a party in the Arbitration, it is required by the Code to arbitrate this dispute.

25  But there is no written arbitration agreement between Herbert J. Sims and any of the Defendants,

26  and none of Defendants is or was a customer of Herbert J. Sims.  Therefore, Herbert J. Sims

27  cannot be required to arbitrate this dispute.  Consequently, Herbert J. Sims has declined to

28  submit a submission agreement to FINRA Dispute Resolution and has instead filed this

4

Complaint For Declaratory and Injunctive Relief
A/72186138.1/3005090-0000326991

1  complaint for injunctive relief to prevent the Defendants from pursuing their claims in the
2  Arbitration.

## CLAIM FOR RELIEF

14. The allegations contained in paragraphs 1 to 9 above are hereby incorporated by reference.

15. An actual controversy has arisen between Plaintiff Herbert J. Sims and each of the Defendants relating to the arbitrability of the Defendants' claims in this dispute.

16. A declaratory judgment is necessary in that Defendants have filed a claim for mandatory arbitration purportedly pursuant to the rules of NASD Dispute Resolution. Plaintiff disputes that it is required by the applicable rules to arbitrate the dispute. Plaintiff seeks a declaratory judgment that Defendants are not "customers" within the meaning of the applicable rules and therefore have no standing to compel Plaintiff to arbitrate this dispute with them.

17. In addition to seeking other relief, Plaintiff seeks a preliminary and permanent injunction enjoining the Defendants and their respective agents, servants, employees and attorneys, and each of them, from pursuing their claims against Plaintiff in the Arbitration. Immediate and irreparable harm will result if this relief is not granted, and Plaintiff has no adequate legal remedies.

WHEREFORE, Plaintiff demands that the Court:

(1) Declare that the Defendants are not "customers" within the meaning of the NASD Code of Arbitration Procedure and have no standing under NASD or FINRA rules to compel arbitration of their claims;

(2) Order that all Defendants be restrained and enjoined from pursuing their claims against Plaintiff in the Arbitration;

(3) Award Plaintiff its costs and expenses incurred herein; and

//
//
//
//

Complaint For Declaratory and Injunctive Relief

A/72186138.1/3005090-0000326991

1          (4)    Provide for such other and further relief as the Court deems just and
2  proper.

3  DATED: September 17, 2007

                                  Bingham McCutchen LLP

                              By: /s/ Steven N. Machtinger
                                  Steven N. Machtinger
                                  Attorneys for Plaintiff
                                  Herbert J. Sims & Co., Inc.