IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Herbert J. Sims & Co., Inc.,

    Plaintiff,

vs.

Mark Roven, James Darden III, Rod Butterfield, Steve Bares, Jay Magwire, Carolyn Magwire, Dorothy McCarty, Richard Teerlink, Elenora Crone, Nellie Morison, Scott M. Crone, Scott R. Crone and Nadine Vanderlanes,

    Defendants.

NO.  C07-04777 MJJ

**ANSWER TO COMPLAINT**

Comes now defendants Mark Roven, James Darden III, Rod Butterfield, Steve Bares, Jay Magwire, Carolyn Magwire, Dorothy McCarty, Richard Teerlink, Elenora Crone, Nellie Morison, Scott M. Crone, Scott R. Crone and Nadine Vanderlanes (collectively "Defendants") and answer the complaint of plaintiff Herbert J. Sims & Co., Inc. ("HJS") as follows:

1. Responding of the allegations of paragraph 1 of the Complaint, Defendants admit that HJS is a member of FINRA.  Defendants are without sufficient information or belief upon which to form a

ANSWER TO COMPLAINT – 
Page 1

COMPASS LAW GROUP
1200 Fifth Avenue, Suite 1900
Seattle, WA 98101
(206) 467-7026

1  basis to admit or deny the remaining allegations of the paragraph and based thereon deny the same in their entirety.

2. Defendants admit the allegations of paragraphs 2 through 6, inclusive, of the Complaint.

3. Responding of the allegations of paragraph 7 of the Complaint, Defendants admit that they seek arbitration to recover losses they incurred as a result of their purchase of the Regency Pointe Bonds from HJS and allege that the Statement of Claim filed in FINRA Arbitration No. 07-01307 speaks for itself.

4. Responding of the allegations of paragraph 8 of the Complaint, Defendants admit that they never held accounts with HJS and admit that neither they nor their agents received any trade confirmations from HJS. Defendants deny the remaining allegations of paragraph 8 in their entirety.

5. Responding of the allegations of paragraph 9 of the Complaint, Defendants admit that they have no direct, express contract to arbitrate claims with HJS but further allege that they are a beneficiary of HJS's agreement with FINRA to arbitrate all claims arising between it and its customers.

6. Defendants allege that Darden had conducted business with HJS previous to the matters alleged in the Complaint and otherwise admit the allegations of paragraph 10 inclusive, of the Complaint.

7. Responding to the allegations of paragraph 11 of the Complaint, Defendants admit that Darden caused Muriel Siebert & Co. ("Siebert") to purchase Regency Pointe Bonds from HJS for their behalf and admit that they received confirmations of those trades from Siebert. Defendants deny each and every remaining allegation in the Complaint in their entirety.

8. Responding to the allegations of paragraph 12 of the Complaint, Defendants admit that FINRA rules require HJS to arbitrate disputes with its customers as set forth in Rule 12200 and otherwise allege that the rules speak for themselves.

ANSWER TO COMPLAINT –
Page 2

COMPASS LAW GROUP
1200 Fifth Avenue, Suite 1900
Seattle, WA 98101
(206) 467-7026

9. Responding to the allegations of paragraph 13 of the Complaint, Defendants admit that they have no express agreement directly with HJS requiring arbitration of disputes between them and HJS. Defendants deny that they were not customers of HJS as used within the FINRA rules and regulations, including Rule 12200. Defendants are without sufficient information or belief upon which to form a basis to admit or deny such allegations and therefore denies those allegations in their entirety.

## CLAIM FOR RELIEF

10. Responding to the allegations of paragraph 14 of the Complaint, Defendants incorporate the allegation of paragraphs 1 through 9, inclusive, above by reference.

11. Defendants admit the allegations of paragraph 15 of the Complaint.

12. Responding to the allegations of paragraphs 16 and 17 of the Complaint, Defendants admit that HJS seeks the relief requested therein but denies that it is entitled to such relief.

## AFFIRMATIVE DEFENSES

1. As a further and separate answer and defense to the Complaint, Defendants allege that the Complaint fails to state facts sufficient to constitute a claim for relief.

2. Defendants reserve the right to seek leave to amend this pleading to allege further affirmative defenses should the facts warrant.

WHEREFORE, Defendants request judgment as follows:

1. That HJS take nothing by way of its complaint;

2. That HJS be compelled to arbitrate the underlying dispute before FINRA Dispute Resolution or suffer default therein for refusal to do so;

///

///

///

ANSWER TO COMPLAINT –
Page 3

COMPASS LAW GROUP
1200 Fifth Avenue, Suite 1900
Seattle, WA 98101
(206) 467-7026

1  3. For an award of their recoverable costs and expenses incurred herein;

2  4. For such other and further relief as the Court may deem just and proper.

4  Respectfully submitted on this 19th day of November, 2007

                                          COMPASS LAW GROUP

                                          By:/s/ Patrick L. Hinton
                                              Patrick L. Hinton (CBN 143615)
                                              Attorneys for defendants

**ANSWER TO COMPLAINT –**
**Page 4**

**COMPASS LAW GROUP**
**1200 Fifth Avenue, Suite 1900**
**Seattle, WA 98101**
**(206) 467-7026**

Page 4

**Certificate of Mailing**

I, Patrick L. Hinton, hereby certify that on this date I caused true and correct copies of the document to which this certificate is attached to be served on the following parties via the Court's ECF system and by placing photocopies of the documents in an envelope, addressed as indicated below with first class postage prepaid, depositing such envelope for delivery with the U.S. Postal Service:

Steven N. Machtinger, Esq.
John D. Pernick, Esq.
Geoffrey S. Beckham, Esq.
Bingham McCutchen, LLP
3 Embarcadero Center
San Francisco, California 94111-4067

Dated: November 19, 2007


/s/ Patrick L. Hinton
Patrick L. Hinton

ANSWER TO COMPLAINT –
Page 5

COMPASS LAW GROUP
1200 Fifth Avenue, Suite 1900
Seattle, WA 98101
(206) 467-7026

Page 5