1  Bingham McCutchen LLP
   STEVEN N. MACHTINGER (SBN 61973)
2  JOHN D. PERNICK (SBN 155468)
   GEOFFREY S. BECKHAM (SBN 224126)
3  Three Embarcadero Center
   San Francisco, CA  94111-4067
4  Telephone:  415.393.2000
   Facsimile:  415.393.2286
5
   Attorneys for Plaintiff
6  Herbert J. Sims & Co., Inc.

7  Compass Law Group
   PATRICK L. HINTON (SBN 143615)
8  1200 Fifth Avenue, Suite 1900
   Seattle, WA 98101
9  Telephone:  206.855.4191
   Facsimile:  206.855.4889
10

11                       UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13

14  HERBERT J. SIMS & CO., INC.,

15           Plaintiff,                      No. C07-04777 SI
             v.
16                                           **JOINT CASE MANAGEMENT
    MARK ROVEN, JAMES DARDEN III, ROD        CONFERENCE STATEMENT**
17  BUTTERFIELD, STEVE BARES, JAY
    MAGWIRE, CAROLYN MAGWIRE,                Judge:    Hon. Susan Illston
18  DOROTHY MCCARTY, RICHARD
    TEERLINK, ELENORA CRONE, NELLIE
19  MORISON, SCOTT M. CRONE, SCOTT R.
    CRONE, AND NADINE VANDERLANES,
20
             Defendants.
21

22

23

24

25

26

27

28
   A/72635767.1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to the Court's August 21, 2008 Notice and Case Management Conference Order scheduling a further Case Management Conference to occur on September 3, 2008, the parties submit the following Case Management Conference Statement:

**1.    Jurisdiction and Service**

This is an action for declarative and injunctive relief. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity with respect to certain claims and the amount in controversy in the underlying arbitration exceeds $75,000. The Court has supplemental jurisdiction over all remaining claims under 28 U.S.C. § 1367 because all of the claims in the action involve the same case or controversy. The Court also has personal jurisdiction over James Darden III, Mark Roven, Rod Butterfield, Steve Bares, Jay Magwire, Carolyn Magwire, Dorothy McCarty, Richard Teerlink, Elenora Crone, Nellie Morison, Scott M. Crone, Scott R. Crone and Nadine Vanderlanes (collectively "Defendants") based upon their service of an answer without asserting a lack of personal jurisdiction or improper venue in this District. No parties that are known at this time remain to be served.

Defendants have not asserted any counterclaims at this time.

**2.    Facts**

This dispute originally arose in an action filed by Defendants with NASD Dispute Resolution, Inc. (now known as FINRA Dispute Resolution), relating to certain transactions in tax-exempt municipal bonds underwritten by Plaintiff Herbert J. Sims ("Sims"). The Investor Defendants (i.e., all of the claimants in the underlying arbitration except Defendant Darden) are seeking to recover investments losses they allegedly incurred as a result of buying the securities at issue. Defendant Darden seeks in the underlying arbitration to recover damages to his investment advisor business allegedly incurred as a result of his having placed these municipal bonds into his clients' accounts.

Sims declined to submit to the arbitration of this matter on the grounds that it had not entered into any arbitration agreement with any of the named claimants and because none of the claimants are or have been its customers. Consequently, Sims filed this complaint seeking a

declaratory relief and an order enjoining claimants from pursuing their claims through arbitration.

### 3. Factual and Legal Issues in Dispute

The principle factual and legal issues genuinely in dispute are (1) whether the Investor Defendants are "customers" of Sims within the meaning of the FINRA ("Financial Industry Regulatory Authority") Code of Arbitration Procedure; and (2) whether Sims is required to arbitrate the claim that Defendants filed with FINRA's dispute resolution entity pursuant to FINRA Code of Arbitration Procedure Rule 12200.

### 4. Motions

There currently are no motions pending before the Court. Sims anticipates possible motions for judgment on the pleadings or for summary judgment on the claims for declaratory relief set forth in the complaint. Defendants' counsel expects to file a motion to withdraw as counsel or an appropriate motion for substitution of counsel on or before September 10, 2008.

### 5. Amendment of Pleadings

The parties do not at this time anticipate that any claims or defenses will be added or dismissed through an amendment of the pleadings.

### 6. Evidence Preservation

The parties have taken appropriate measures to preserve evidence relevant to the issues reasonably evident in this action by way of disseminating a litigation hold notice.

### 7. Initial Disclosures and Discovery

Because the Court's Order granting Plaintiff's motion for preliminary injunction significantly impacts whether the underlying arbitration will go forward and, indeed, may bring an end to the action altogether, and because Defendants anticipate retaining new counsel to represent them in this proceeding, the parties stipulate to suspend the exchange of initial discovery until October 15, 2008.

### 8. Class Action

This is not a class action.

**9.     Related Cases**

There is not a related action pending before another judge of this Court. The Defendants filed a Statement of Claim with NASD Dispute Resolution, Inc. (now known as FINRA Dispute Resolution) captioned *In the Matter of the Arbitration between Mark Roven, James Darden III, Rob Butterfield, Steve Bares, Jay Magwire, Carolyn Magwire, Dorothy McCarty, Richard Teerlink, Elenora Crone, Nellie Morison, Scott M. Crone, Scott R. Crone, Nadine Vanderlanes v. Herbert J. Sims & Co.*, NASD Arbitration No. 07-01307. That action was stayed by the Court's Order granting Plaintiff's motion for preliminary injunction.

**10.     Damages**

In this action, Sims is seeking a declaration that the Defendants are not "customers" within the meaning of the NASD Code of Arbitration Procedure and have no standing under NASD or FINRA rules to compel arbitration of their claims, and an order that Defendants be restrained and enjoined from pursuing their claims against Plaintiff in the Arbitration.

Defendants have not asserted any counterclaims at this time, but seek the opportunity to pursue their arbitration claim filed with the FINRA Dispute Resolution entity.

**11.     Settlement and ADR**

Following the Court's Order granting Plaintiff's motion for preliminary injunction, there is little likelihood that this case will be resolved through settlement. Further, this case is not suitable for reference to ADR or binding arbitration because the underlying dispute in this case is whether Plaintiff Sims must submit to arbitration before FINRA Dispute Resolution. The parties decline to proceed before a Magistrate Judge in this action.

**12.     Narrowing of Issues**

The parties agree that the presentation of the facts of this case can be narrowed by stipulation, and the claims may all be suitable for motions for judgment on the pleadings or for summary judgment after further discovery has been taken.

**13.     Scheduling**

Should it please the Court, this is the type of case that can be handled on an

1  expedited basis with streamlined procedures.

     **14.   Trial**

     The parties do not request a jury trial, and anticipate that a trial of two or three days would be sufficient to try the remaining claims for declaratory relief.

     **15.   Disclosure of Non-party Interested Entities of Persons**

     The parties have not filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

     Pursuant to Civil Local Rule 3-16, the parties certify that as of this date, other than the named parties, there is no such interest to report.

DATED: August 28, 2008            Respectfully submitted,

                                  BINGHAM McCUTCHEN LLP


                                  By:      /s/ Steven N. Machtinger
                                          Steven N. Machtinger
                                          Attorneys for Plaintiff
                                          Herbert J. Sims & Co., Inc.


DATED: August 28, 2008            Respectfully submitted,

                                  COMPASS LAW GROUP


                                  By:      /s/ Patrick L. Hinton
                                          Patrick L. Hinton
                                          Attorneys for Defendants
                                  Mark Roven, James Darden III, Rod Butterfield,
                                  Steve Bares, Jay Magwire, Carolyn Magwire,
                                  Dorothy McCarty, Richard Teerlink, Elenora
                                  Crone, Nellie Morison, Scott M. Crone, Scott R.
                                  Crone, and Nadine Vanderlanes